

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00311-CV

THE STATE OF TEXAS, APPELLANT

V.

CHAPMAN CHILDREN'S TRUST I, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 81,106-1, Honorable Walt Weaver, Presiding

March 16, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER, and DOSS, JJ.

The State of Texas appeals from an order granting a third motion by Chapman Children's Trust I to clarify and enforce the 2000 agreed judgment entered in a condemnation proceeding.[1] Finding the trial court exceeded its authority in rendering the order, we vacate it and dismiss the appeal.

---

[1] The Trust's efforts to clarify and enforce the agreed judgment have been before this Court twice. *State v. Chapman Children's Trust I*, No. 07-09-00222-CV, 2010 Tex. App. LEXIS 1814 (Tex. App.—Amarillo Mar. 12, 2010, no pet.) (mem. op.); *State v. Chapman Children's Trust I*, No. 07-08-0050-CV, 2008 Tex. App. LEXIS 7556 (Tex. App.—Amarillo Oct. 8, 2008, no pet.) (mem. op.).

*Background*

On November 16, 2000, the trial court signed an agreed judgment in a condemnation proceeding brought by the State against the Trust. Through the agreed judgment, the State acquired land for construction of a portion of Loop Highway 335 surrounding Amarillo. The decree also specified the compensation to be paid by and the respective obligations of the litigants. Among other things, it provided the following:

> [The Trust] will give all necessary right-of-way for one way frontage roads, turnaround under the BNSF Railway Bridge and future Coulter Street interchange with Loop Highway 335, each to be built by TxDOT, at [the State's] costs, in the area agreed to by George Chapman and TxDOT as needed.

Through the Trust's most recent motion to clarify and enforce the agreed judgment, it sought, among other things, the installation of an overpass and its immediate construction. A hearing on the motion was held in July 2019. At it, the Trust presented evidence purportedly illustrating that immediate construction of the items encompassed within the aforementioned paragraph was "needed." They also argued that such construction (and the language of the agreed judgment) necessarily included installation of an overpass. Thereafter, the trial court agreed and ordered the Texas Department of Transportation "to comply with the terms of the Agreed Judgment by immediately undertaking the construction of the overpass and the turnarounds and the one-way frontage roads at the Coulter Street interchange with Loop Highway 335, and to complete such construction within 36 months from the date of this Order."

*Disposition*

On appeal, the State asserts that the post-judgment enforcement order is inconsistent with the agreed judgment and constitutes a material change to it. We agree.

As we held in our first iteration of "Trust versus State," orders enforcing a judgment over which a trial court's plenary jurisdiction has lapsed must neither be inconsistent with the original judgment nor constitute a material change to it. *Chapman Children's Trust I*, 2008 Tex. App. LEXIS 7556, at *5. Nor can they add obligations to those previously imposed by the decree. *Id.* And, just as we recognized earlier, "[n]othing in the 2000 agreed judgment requires construction of contemplated highway improvements in connection with construction of Coulter Street," which "contemplated highway improvements" included the installation of an overpass.[2] *Id.* at *6. Nor did the 2000 decree impose a duty upon the State to complete construction efforts by a time certain. So, like the order addressed in the earlier iteration of "Trust v. State," the order at bar "exceeded the extent of the court's power to enforce its existing orders[] and is void." *Id.* at *6–7.

We vacate the trial court's "Order on Third Motion to Clarify and Enforce Judgment" and dismiss the appeal.

Per Curiam

---

[2] The passage from the agreed judgment in play here was the same one in play in *Chapman Children's Trust I*, 2008 Tex. App. LEXIS 7556, at *1. Again, that passage stated that: "[The Trust] will give all necessary right-of-way for one way frontage roads, turnaround under the BNSF Railway Bridge and future Coulter Street interchange with Loop Highway 335, each to be built by TxDOT, at [the State's] costs, in the area agreed to by George Chapman and TxDOT as needed."